# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SUMMIT DREDGING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SABREE ENVIRONMENTAL & | ) | C.A. No. N14C-10-283 MMJ |
| CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Submitted: September 28, 2015
Decided: December 16, 2015

Upon Defendant's Motion to Vacate Default Judgment
**DENIED**

## MEMORANDUM OPINION

Darrell J. Baker, Esq., Darrell J. Baker P.A., Attorney for Plaintiff

Eric J. Monzo, Esq., Elizabeth A. Powers, Esq., and Thomas P. Carney, Esq., Morris James LLP, Attorneys for Defendant

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

Plaintiff Summit Dredging, LLC ("Summit"), is a Delaware corporation with its sole and principal place of business in Delaware. Defendant Sabree Environmental and Construction, Inc. ("Sabree"), is a Maryland corporation with its principal place of business in Maryland.

Sabree was awarded a subcontract to perform certain work in the Federal Navigation Channel located in New York. Sabree sent a contract and a subcontractor agreement to Summit's Delaware office. Sabree remained in daily contact with Summit's Delaware office. Summit provided dredging equipment from Delaware to Sabree's New York job site. Later that month, the dredging equipment capsized and sank.

In March 2014, a representative of Sabree arrived at Summit's Delaware office to attempt to re-negotiate the contract. On October 30, 2014, Summit filed this action against Sabree. Summit asserted claims for breach of contract and negligence arising from the dredging accident that occurred in New York. Sabree did not file an Answer or a Motion to Dismiss for lack of personal jurisdiction. Instead, Sabree engaged in settlement negotiations with Summit, and agreed to an open-ended extension of time for Sabree to respond to the Complaint.

On April 15, 2015, the Court provided Summit with notice, pursuant to Delaware Superior Court Civil Rule 41(e), advising that the action would be

dismissed within thirty days for want of prosecution. On June 1, 2015, the Court dismissed the case.

On June 5, 2015, Summit moved to re-open the case. Summit advised the Court that the parties had been engaged in ongoing negotiations in an effort to resolve the matter amicably, and that it expected a release from Sabree. The parties then would file a stipulation of dismissal. On June 9, 2015, the Court re-opened the matter.

On July 16, 2015, Summit filed a Direction for Entry of Default Judgment against Sabree pursuant to Rule 55(b)(1), seeking judgment in the amount of $49,000.00 plus interest and attorneys' fees. The Court entered a default judgment against Sabree on that same date.

On August 20, 2015, Sabree filed this Motion to Vacate Default Judgment. Summit filed a Response to Sabree's motion on September 4, 2015, supported by an affidavit. On September 10, 2015, the parties agreed at oral argument to attempt to mediate the case. The Court permitted the parties to elect to take limited discovery on the issue of jurisdiction. Sabree submitted an affidavit, in response to Summit's affidavit, on September 28, 2015.

## ANALYSIS

Delaware Superior Court Civil Rule 60(b)(4) authorizes the Court to relieve a defendant of a default judgment if the defendant can show that the judgment is

void. "When ruling on a Rule 60(b)(4) motion to vacate judgment, the Court has no discretion to decline to vacate a void judgment, because a void judgment is legally ineffective from its inception."[1]

Sabree argues that the Court lacks personal jurisdiction over it. Specifically, Sabree contends that it did not conduct, operate or transact any business in Delaware, is not registered to do business in Delaware, that Summit's claims arise from Sabree's performance as a general contractor at a job site in New York, and that Summit failed to allege that Sabree maintains employees or an office in Delaware.

Before the Court can exercise personal jurisdiction over a nonresident defendant, the Court must determine whether Delaware's long arm statute, 10 *Del. C.* § 3104(c), is applicable. Section 3104(c)(1) provides that a nonresident defendant may be subjected to the jurisdiction of the Delaware courts if the defendant "[t]ransacts any business or performs any character of work or service in [Delaware]." In order for this Court to have personal jurisdiction, Section 3104(c)(1) requires that "some act on the part of the defendant must have occurred in Delaware and also that plaintiff's claims arise out of that act."[2]

Sabree initiated contact with Summit's Delaware office, sent a contract and subcontract agreement to Summit's Delaware office, had a dredge removed from

---

[1] *C.I.T. Grp./Equip. Fin., Inc. v. Chaney*, 1991 WL 18092, at *1 (Del. Super.).
[2] *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156 (Del. Super. 1997).

4

Delaware to the New York job site, had daily contact with Summit's Delaware office, and sent a representative to Summit's Delaware job site to re-negotiate the contract.

The Court finds that Sabree transacted business within Delaware. Therefore, the Court has personal jurisdiction over Sabree pursuant to Section 3104(c)(1).

Sabree next argues that if this Court were to find that Sabree's actions are sufficient to establish personal jurisdiction, there are not sufficient minimum contacts with Delaware to satisfy due process. Having determined that Section 3104(c) is applicable, the Court must "decide whether subjecting the nonresident defendant to jurisdiction would violate due process."[3]

> [D]ue process requires that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign. This fair warning requirement is satisfied if the defendant has purposefully established 'minimum contacts' in the forum state, and the litigation results from the alleged injuries that arise out of or relate to those contacts.[4]

Summit's affidavit sets forth specific facts constituting numerous contacts with Delaware initiated by Sabree. Sabree's responsive affidavit does not dispute the facts that Sabree: initiated contact with Summit's Delaware office; sent a contract and subcontract to Summit's Delaware office; had daily contact with Summit's Delaware office; and sent a representative to Delaware to re-negotiate

---

[3] *Carsanaro v. Bloodhound Techs., Inc.*, 65 A.3d 618, 635 (Del. Ch. 2013).
[4] *Rollins Properties, Inc. v. CRS Sirrine, Inc.*, 1988 WL 139868, at *3 (Del. Super.).

the contract. The Court finds that Summit has established that Sabree had sufficient minimum contacts in Delaware. Further, the assertion of personal jurisdiction comports with "fair play and substantial justice."[5]

## **CONCLUSION**

The relationship between Summit and Sabree, the manner in which business was conducted, and the facts surrounding the re-negotiation of the contract are sufficient to establish personal jurisdiction and sufficient minimum contacts to satisfy due process under Section 3104(c)(1).

**THEREFORE**, Defendants Motion to Vacate Default Judgment is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston

---

[5] *Id*. at *4.

6